UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PEOPLE OF THE STATE OF NEW YORK
by ANDREW M. CUOMO, Attorney General
of the State of New York

          Petitioner,

 -against-              1:07-CV-0572
                     (LEK/DRH)

DELL, INC., and DELL FINANCIAL
SERVICES, L.P.,

          Respondents.

---

## **MEMORANDUM-DECISION AND ORDER**[1]

### I. Background

Petitioner State of New York ("Petitioner" or "New York") filed this case against Respondents Dell, Inc. and Dell Financial Services (collectively, "Respondents") in the Supreme Court of the State of New York on May 14, 2007. Petition (Dkt. No. 1, Attach 2., Ex. A) at 2. Respondents removed the case to this Court on May 30, 2007. Id.; Notice by Dell, Inc. of Consent to Removal (Dkt. No. 6). Subsequently, on June 29, 2007, Petitioner filed a Motion to remand the case to the Supreme Court of the State of New York, Albany County. Dkt. No. 12. Petitioner's Motion to remand is currently before the Court.

The Petition alleges that Respondents engage in various acts of fraud and deception in the course of business in violation of Section 63(12) of New York Executive Law and Article 22-A of

---

[1] For printed publication by the Federal Reporters.

1

New York General Business Law. Petition (Dkt. No. 1, Attach. 2, Ex. A) at 4. The alleged violations include misleading financing practices, improper billing and collection activities, and refusal to honor warranties, service contracts and rebates. Id. at 4-20. Petitioner's claims are grouped into ten "causes of action," each of which asserts violations of New York Executive Law or General Business Law. Id. at 21-29. Three of the causes of action reference violations of federal law.

## II. Discussion

Section 1441 of Title 28 of the United States Code allows defendants to remove to the district court of the United States any case over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Respondents argue that original jurisdiction exists over this case because three of the claims asserted by Petitioner arise under the laws of the United States. Notice of Removal (Dkt. No. 1) at ¶ 6; 28 U.S.C. § 1441(b). Petitioner disputes this characterization, arguing instead that each claim asserted arises under state law, notwithstanding the references to violations of federal law. Mem. of Law (Dkt. No. 12, Attach. 2, Ex. A) at 4.

A.   Standard

A defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, including cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. See also 28 U.S.C. § 1441(a); City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). A cause of action "arises under" federal law when "the plaintiff's well-pleaded complaint raises issues of federal law." City of Chicago, 522 U.S. at 163 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)).

A complaint can raise issues of federal law even if the cause of action was created by state

law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal. ("Franchise Tax Bd."), 463 U.S. 1, 13 (1983). However, the mere presence of federal law in the complaint does not justify removal to federal court. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Removal is not justified unless the federal questions presented are necessary to the resolution of the controversy or strong federal interests are implicated. Grable & Sons Metal Prods. v. Darue Eng'g & Mfg. ("Grable"), 545 U.S. 308, 314-315 (2005); Highland Capital Mgmt. LP. v. Schneider, 198 Fed. Appx. 41, 44 (2d Cir. 2006) (summary order).

The inquiry does not focus on the number of references to federal law, but on the centrality of federal law to the resolution of the case, or the special importance of the federal issue. "A single claim over which federal-question jurisdiction exists is sufficient to allow removal." Broder v. Cablevision Systems Corp. ("Broder"), 418 F.3d 187, 194 (2d Cir. 2005) (citing Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563-4 (2005)).

However, a cause of action, as described by a plaintiff, does not necessarily comprise a "claim" for the purposes of evaluating federal jurisdiction. Broder, 418 F.3d at 194 ("[w]here a federal issue is present as only one of multiple theories that could support a particular claim...this is insufficient to create federal jurisdiction."). See also Caggiano v. Pfizer Inc., 384 F.Supp.2d 689, 691 (S.D.N.Y. 2005). Accordingly, if the federal causes of action listed in a petition or complaint merely restate state law claims under a federal theory, then there is no basis for federal question jurisdiction.

B.      Application to the Present Case

Petitioner's claims are almost entirely contained in the first and second causes of action; the other causes of action primarily consist of alternate legal theories for those claims.

Generally, each cause of action describes a broad range of conduct. For example, the first cause of action asserts eight types of conduct in violation of Executive Law § 63(12):

(a) repeatedly misrepresenting the nature availability and terms of financing;
(b) repeatedly misrepresenting, directly and by implication, the nature and terms of financing for which consumers had applied or been approved;
(c) repeatedly submitting applications for credit and opening accounts and changing merchandise without consumers permission;
(d) repeatedly misrepresenting the nature, availability and terms of its customer service and technical support;
(e) repeatedly failing to provide consumers with adequate customer service and technical support;
(f) repeatedly improperly billing consumers and failing to correct billing errors after learning of them;
(g) repeatedly misrepresenting the actions it will take to address and resolve consumer complaints and inquiries; and
(h) repeatedly failing to provide consumers with advertised rebates in a timely manner.

Petition (Dkt. No. 1, Attach. 2, Ex. A) at 21.

The fifth, sixth, and ninth causes of action reference violations of federal law, "pursuant to Executive Law §63 (12)." Id. at 25, 26 and 28. The fifth and sixth causes of action allege that Respondents violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Fair Credit Reporting Act, 15 U.S.C. § 1581 by failing to provide unsuccessful applicants for credit with a notice of "adverse action" (a written denial of financing on the terms requested) and a statement justifying that action. Id. at 25-26. The ninth cause of action alleges that Dell Financial Services violated the Fair Credit Reporting Act by failing to correct information sent to credit reporting agencies that was subsequently determined to be inaccurate or incomplete. Id. at 28.

After analyzing the Petition, the Court determines that the federal causes of action described in the Petition are merely alternate theories for Petitioner's state law claims. Each of the alleged violations of federal law is echoed in Petitioner's state law claims. Respondents' alleged failure to

4

provide proper notice and explanation to unsuccessful credit applicants, described in the Petition's fifth and sixth causes of action, is encompassed by Petitioner's claims under Executive Law § 63 (12), as described in the first and second causes of action. Petition (Dkt. No. 1, Attach. 2, Ex. A) at ¶¶ 81(a)-(b), 83(a)-(b). Additionally, the allegation that Dell Financial Services failed to provide updated information to credit reporting agencies is encompassed by the state law claims described in the second cause of action. Id. at ¶ 83 (g)

"Congress has given the lower federal courts jurisdiction to hear ... only those cases in which ... federal law creates the cause of action or [in which] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. See also Grable, 545 U.S. at 314 (federal question jurisdiction exists when the federal statute "appeared to be the only legal or factual issue contested in the case"). In this case, Petitioner's right to relief does not necessarily depend upon federal law; Petitioner's claims are fully actionable under the state laws asserted. Accordingly, there is no federal question jurisdiction in this case. See Rubin v. MasterCard Intern., LLC, 342 F. Supp. 2d 217, 221 (S.D.N.Y., 2004) (there is no federal question jurisdiction when the "claim does not necessitate interpretation of federal law since the failure to make adequate disclosures to consumers is independently actionable irrespective of whether a plaintiff relies on federal authority").

To the extent that the alleged misconduct described in the fifth, sixth and ninth causes of action is not fully encompassed by the state law claims, remand is nonetheless appropriate. The United States Supreme Court has noted that, in evaluating the propriety of removal, it is necessary to consider issues beyond the mere presence of a disputed federal issue, such as "'the interrelation of federal and state authority and the proper management of the federal judicial system.'" Grable, 545

U.S. at 314 (quoting Franchise Tax Bd., 463 U.S. at 8).

The principles of comity and federalism also prevent the exercise of federal jurisdiction over this case. This case is almost entirely an issue of state law and federal law serves only as an alternate theory, unnecessary to the resolution of the case. See Broder, 418 F.3d at 194. This principle is even more relevant when, as here, the case was brought by the state itself. Franchise Tax Bd., 463 U.S. at 23. Also, there is no reason why a federal forum need decide these claims: there is no direct federal interest in the resolution of this dispute and the federal laws involved are not "subject to 'any controversy respecting their validity, construction, or effect.'" Elmira Teachers' Assn. v. Elmira City School Dist., 2006 WL 240552 at *6 (W.D.N.Y. Jan. 27, 2006) (quoting Shulthis v. McDougal, 225 U.S. 561, 570 (1912)). See also Grable, 545 U.S. at 313 ("federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."). Even if some analysis of federal law was necessary, without these additional justifications for federal jurisdiction, refusing to remand this case would unreasonably strip the state of judicial responsibility.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's Motion to remand (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that the Clerk **REMAND** case number 1:07-cv-0572; and it is further

**ORDERED**, that the Motion to dismiss (Dkt. No. 26) and Cross-Motion for summary judgment (Dkt. No. 36) are **DENIED as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   October 16, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge